# PETITION OF RICHARD BUCKMAN
No. 10894
Decided December 3, 1964.
396 P.2d 820

Richard Buckman, pro se.

PER CURAM.

Original proceeding.

Application for writ of habeas corpus by Richard Buckman, an inmate of the Montana State Prison, appearing pro se.

In order to ascertain the fact situation with respect to the contentions of the applicant the court has consulted the records of the Board of Pardons. It appears therefrom that Buckman was paroled from prison on December 4, 1961, to Great Falls, Montana; that while there he violated his parole and left the state. A violation warrant was issued by the Board of Pardons on April 10, 1962, and information having been received from the Spokane, Washington, Police Department that Buckman

was being held on a charge of burglary the warrant was forwarded to them. On May 2, 1962, the warrant was returned by the Sheriff of Spokane County who advised that Buckman had been sentenced on May 1, 1962, to a term of 15 years in the Washington State Penitentiary and had been transferred to that institution.

On October 15, 1963, Buckman was paroled from the Washington institution to Wenatchee, Washington, and absconded supervision and his parole was suspended and a warrant issued by the Washington authorities on November 15, 1963. It appears that Buckman came to Montana on December 3, 1963, was arrested on two occasions in Great Falls and on February 7, 1964, was returned to the Montana State Prison as a parole violator.

The applicant contends that he is being illegally restrained by the Warden of the Montana State Prison because Montana lost jurisdiction over him when they turned him over to the State of Washington and never filed a hold order on his release from the Washington State Penitentiary. While applicant argues that where a sovereign having custody of a prisoner releases him to another sovereign such release constitutes a waiver of jurisdiction, such a situation need not be considered or passed on here because from the records of the Board of Pardons and statements made by the applicant in his petition it does not apply. He departed the state while on parole, in violation thereof, and while a fugitive committed a crime for which he was imprisoned in Washington. While on parole from that sentence he came to the State of Montana. This state at no time, by his own admissions, released or turned him over to any other sovereign for any purpose; the applicant himself did that.

Applicant requests appointment of counsel, but since we find no merit in the application services of counsel are unnecessary.

No merit appearing the application is denied and the proceeding dismissed.